# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.   CR-10-0666-PHX-JAT |
| Plaintiff/Respondent, | CV-13-0428-PHX-JAT (DKD) |
| vs. | **REPORT AND RECOMMENDATION** |
| Francisco Gomez-Cazares, | |
| Defendant/Movant. | |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

On February 28, 2013, Francisco Gomez-Cazares filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction following a guilty plea for Conspiracy to Possess with Intent to Distribute 50 grams or more of Methamphetamine, and the imposition of a 210-month prison term, followed by five years on supervised release. He alleges that counsel rendered ineffective assistance by advising him to reject the second plea offer, and by failing to file an appeal when he had promised to do so. The government contends that the motion is untimely filed, and that his claims were voluntarily waived by the express terms of the plea agreement. For the reasons stated below, the Court recommends that the motion be denied.

Gomez-Cazares was required to file his motion within one year of the date on which his judgment became final. Because he did not appeal, his conviction became final after his time to seek review by direct appeal expired. *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). His conviction became final on February 8, 2012, fourteen days after the

1 entry of judgment on January 25, 2012, when the deadline expired for filing a notice of
2 appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure. He was therefore
3 required to file his motion on or before February 8, 2013. Gomez-Cazares filed his § 2255
4 petition on February 28, twenty days after the expiration of the one-year limitations period,
5 and it is therefore untimely.

6 In his reply, Gomez-Cazares appears to argue that his untimely filing should be
7 excused because of the ineffective assistance of counsel, citing *Holland v. Florida*, 560 U.S.
8 631 (2010). *Holland* does not aid his situation. In that case, counsel failed to timely file
9 Holland's federal petition despite Holland's numerous admonitions of the importance of
10 timely filing; counsel did not do the necessary research to determine the filing deadline
11 despite Holland's letters to counsel identifying the applicable legal rules; counsel failed to
12 provide Holland with requested information so that Holland could monitor his case; and
13 counsel failed to communicate with Holland over a period of several years. *Holland*, 560
14 U.S. at 652. The unprofessional conduct cited by the Court in *Holland* related entirely to the
15 filing of his federal petition.

16 In this case, however, Gomez-Cazares alleges that counsel misadvised him about
17 rejecting an earlier plea offer, and failed to file an appeal, after promising to do so. Neither
18 of these claims, even if taken as true, were actions that prevented Gomez-Cazares from
19 timely filing his federal petition. Therefore, they cannot constitute the extraordinary
20 circumstances necessary for equitable relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 418
21 (2005).

22 **IT IS THEREFORE RECOMMENDED** that Francisco Gomez-Cazares' Motion
23 to Vacate, Set Aside or Correct Sentence be **denied** (Doc. 1).

24 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
25 to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is
26 justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

27
28

1  This recommendation is not an order that is immediately appealable to the Ninth
2 Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
3 Appellate Procedure, should not be filed until entry of the district court's judgment.  The
4 parties shall have fourteen days from the date of service of a copy of this recommendation
5 within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);
6 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have seven
7 days within which to file a response to the objections.  Failure timely to file objections to the
8 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
9 and Recommendation by the district court without further review.  *See United States v.*
10 *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any
11 factual determinations of the Magistrate Judge will be considered a waiver of a party's right
12 to appellate review of the findings of fact in an order or judgment entered pursuant to the
13 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.
14  DATED this 29th day of January, 2014.

_____
David K. Duncan
United States Magistrate Judge