1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   United States of America,                    )   CR 10-666-PHX-JAT
                                                  )   CV 13-428-PHX-JAT
10                  Plaintiff/Respondent,         )
                                                  )   **ORDER**
11  vs.                                           )
                                                  )
12                                                )
    Francisco Gomez-Cazares,                      )
13                                                )
                    Defendant/Movant.             )
14                                                )
                                                  )
15  _____ )

16          Pending before the Court is Movant's motion to vacate, set aside or correct sentence

17  ("Motion").  On January 29, 2014, the Magistrate Judge to whom this case was assigned

18  issued a Report and Recommendation ("R&R") (Doc. 9[1]) recommending that this Motion be

19  denied because it is barred by the statute of limitations.  Movant filed objections to the R&R

20  (Doc. 10).

21          This Court "may accept, reject, or modify, in whole or in part, the findings or

22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  It is "clear that the

23  district judge must review the magistrate judge's findings and recommendations *de novo if*

24  *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

25  (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219,

26  1226 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

27

28          [1] All Doc. numbers refer to the CV case number listed above.

factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which Movant objected de novo.

Movant was sentenced on January 25, 2012. R&R at 1-2. Movant's time to file a direct appeal expired on February 8, 2012. *Id*. The R&R concludes that the Motion in this case was due by February 8, 2013, one year after the deadline to appeal expired. R&R at 2. The Motion in this case was filed on February 28, 2013, and is therefore beyond the one year statute of limitations to file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. *Id.* at 1-2.

In his objections, Movant does not dispute that his Motion was due by February 8, 2013, nor that his Motion is untimely. Instead, Movant argues that his counsel failed to file a direct appeal despite Movant directing counsel to file such appeal. Doc. 10 at 2-3. It appears the relief Movant is seeking is to take a direct appeal on the merits at this time. To the extent Movant is seeking leave to file a direct appeal of this Court's January 25, 2012 judgment at this time, that relief is denied.

Alternatively, to the extent Movant is arguing that his attorney's failure to file a notice of appeal should toll the one-year statute of limitations to file this Motion, that argument also fails. Specifically, a movant is entitled to equitable tolling of the one-year statute of limitations when the movant shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, the statute of limitations to file the Motion did not begin to run until the time

to file the direct appeal expired.  R&R at 1-2.  Thus, assuming Movant believed that such an appeal was going to be filed by his counsel, the time to file the appeal was not counted against Movant's statute of limitations for purposes of this Motion.  In his objections, Movant states that he did not learn that his counsel did not file a direct appeal until after the time to file had already expired (February 8, 2012).  Doc. 10 at 3-4.  However, Movant makes no argument regarding why he could not file this Motion by February 8, 2013.  Therefore, Movant has failed to meet either prong of the test for receiving equitable tolling.

Based on the foregoing, the Court agrees with the R&R and finds that the Motion is barred by the statute of limitation.  Therefore,

**IT IS ORDERED** that the Report and Recommendation (Doc. 9) is accepted and adopted; the objections are overruled (Doc. 10), the motion to vacate, set aside or correct sentence (Doc. 1[2]) is denied and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 cases, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability because denial of the Motion is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 22nd day of April, 2014.

James A. Teilborg
Senior United States District Judge

---

[2]  Doc. 226 in CR 10-666-PHX-JAT.